UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-CV-00065-TBR

ESTATE OF ROBERT KLOPE,                                                PLAINTIFF

v.

CONSOLIDATED RESOURCES HEALTH CARE FUND I, L.P.,          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand this case back to McCracken County Circuit Court, [DN 6.] Defendant Consolidated Resources Health Care Fund I, L.P. ("Consolidated" or "Defendant") filed a response, [DN 8], and a supplemental response, [DN 10.] Plaintiff did not reply, nor did it respond to Defendant's supplemental response, and the time to do so has passed. Fully briefed, this matter is now ripe for adjudication. For the reasons explained below, Plaintiff's motion is **DENIED**.

BACKGROUND

This action arises out of Decedent Robert Klope's residence at Parkview Nursing & Rehabilitation Center ("Parkview") in Paducah, Kentucky from December 23, 2016 until his death on August 16, 2016. [DN 1-1 (Complaint).] In this action, Darrell Klope, as Administrator of the Estate of Robert Klope, alleges that Defendant rendered inadequate care to Robert Klope during his stay at Parkview, which led to an "accelerated deterioration of his health and physical condition beyond that caused by the normal aging process, including, his Wrongful Death." [*Id.* at 6.] Robert Klope's estate brought suit against Defendant in McCracken County Circuit Court and filed an Amended Complaint there on April 3, 2017, alleging negligence and wrongful death, medical negligence, corporate negligence, and violations of laws governing the rights of

1

residents in a long-term-care facility. [DN 1-1 at 6–14.] Defendant removed the case to this Court on April 19, 2017. [DN 1 (Notice of Removal).] Thereafter, Plaintiff filed the instant motion, requesting that the Court remand this action back to McCracken County Circuit Court. [DN 6 (Motion to Remand).]

STANDARD

A defendant may remove a state-court action only if the plaintiff could have originally filed it in this Court. *See* 28 U.S.C. § 1441(a); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 821 (6th Cir. 2006). As the party seeking removal, the defendant bears the burden of showing that the Court has such original jurisdiction. *See Vill. of Oakwood v. State Bank & Tr. Co.*, 539 F.3d 373, 377 (6th Cir. 2008) (citing *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996)). Any doubts as to the propriety of removal must be resolved against the defendant. *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005), *abrogated on other grounds by Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

Of the two kinds of this Court's original jurisdiction, *see* 28 U.S.C. §§ 1331–1332, this case concerns the one labeled "diversity," [*see* DN 1 at 2–3]. The Court exercises such jurisdiction in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties who are "citizens of different States." 28 U.S.C. § 1332(a)(1). To make those determinations, the Court generally looks at the complaint at the time of removal. *Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 322 (6th Cir. 2005) (citing *Ahearn*, 100 F.3d at 453).

DISCUSSION

The parties do not dispute that the "diversity of citizenship" requirement of 28 U.S.C. § 1332(a)(1) is satisfied in this case. Rather, the dispute centers on whether the amount in controversy in the case exceeds $75,000, as is required for diversity jurisdiction to exist. 28 U.S.C. § 1332(a). Ordinarily, the sum demanded "in good faith" in an initial pleading is considered to be accurate for purposes of determining the amount in controversy. 28 U.S.C. § 1446(c)(2). Plaintiff's complaint, however, does not demand a specific amount of damages. [*See* DN 1-1.] Rather, Plaintiff simply alleges that damages exceeded the state court's jurisdictional threshold of $5,000. [*Id.* at 9–10]; *see* Ky. Rev. Stat. § 23A.010(1); Ky. Rev. Stat. § 24A.120(1). Such a pleading practice is not unusual. Many states, including Kentucky, prohibit plaintiffs from demanding sum-certain damages in pleadings. *See* Ky. R. Civ. P. 8.01(2). When that is the case, the removing party must come forward with proof to establish, by a preponderance of the evidence, that the amount-in-controversy requirement is met. *See* 28 U.S.C. § 1446(c)(2)(B).

In its motion to remand, Plaintiff asserts that, "[i]n its Notice of Removal, Defendant simply states that the amount in controversy exceeds $75,000 without providing a single shred of evidence to support such a claim." [DN 6 at 2.] In response, Defendant argues that, at the time of removal, it had a good faith belief "that based on Plaintiff's demand for compensatory, statutory and punitive damages," along with Plaintiffs wrongful death claim, "Plaintiffs claim for damages will exceed $75,000." [DN 8 at 1–2.] Plaintiff did not file a reply in support of its motion to remand. Nor did Plaintiff, at any time, file a post-removal stipulation clarifying that the amount in controversy is less than $75,000. *See, e.g., Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 780 (E.D. Ky. 2014) ("When a post-removal stipulation is the first specific

statement of the alleged damages then it is considered a *clarification,* rather than a reduction, and the case may be remanded.").

Later, Defendant filed a supplemental response in opposition to Plaintiff's motion to remand. [DN 10.] Therein, Defendant asserts that, during settlement negotiations, Plaintiff's counsel made, by email, a demand that far exceeds $75,000. Additionally, the email reflects that Defendant counter-offered with a lesser amount, but an amount that also exceeds $75,000. Defendant attached the email communication, under seal for confidentiality purposes, as an exhibit to its supplemental response. [DN 12 (Filed Under Seal).]

The question for the Court, then, is whether Defendant has shown, by a "preponderance of the evidence, that the amount in controversy exceeds" the $75,000 threshold. 28 U.S.C. § 1446(c)(2)(B). The Sixth Circuit has explained that "[a] settlement demand letter is '*some evidence*' regarding the amount in controversy." *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 480–81 (6th Cir. 2014) (emphasis added) (quoting *Smith v. Phillips & Jordan, Inc.*, 2011 WL 250435, at *2 (E.D. Ky. January 24, 2011)). A settlement demand letter is not necessarily dispositive evidence, however. For instance, "[t]he demand might be significantly more than the case is actually worth," or, alternatively, "the demand might be less than the case is actually worth." *Smith*, 2011 WL 250435, at *2.

However, in this case, the email communication attached to Defendant's supplemental response is particularly probative where, not only is Plaintiff's *demand* greater than $75,000, but Defendant's *counter-offer*, which is significantly lower, also exceeds that amount. [*See* DN 12.] Accordingly, the Court is satisfied that Defendant has shown, by a preponderance of the evidence, that the amount in controversy in this case exceeds the jurisdictional threshold for

diversity jurisdiction under 28 U.S.C. § 1332(a). For these reasons, Plaintiff's motion to remand this action back to McCracken County Circuit Court, [DN 6], is denied.

CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, [DN 6], is **DENIED**. A Telephonic Scheduling Conference is **SET** for **December 20, 2017 at 9:30 a.m.** The Court shall place the call to counsel.

**IT IS SO ORDERED.**

Date:

cc:    Counsel